LUDLOW'S HEIRS *v.* KIDD'S EXECUTORS AND OTHERS.

Where the legal title is fraudulently obtained, against a better equity, and conveyed to an innocent purchaser, without notice, complainants prevailing in equity may have a decree for the value against him who obtained such legal title by fraud.

THIS cause was adjourned here for final decision, from the county of Hamilton. It is the same cause reported in 2 Ohio, 372, and 3 Ohio, 541, and now comes up for final decision upon the merits of the original equity of the complainants. The facts are briefly these : In the month of January, 1789, the town of Cincinnati was laid out by Matthias Denman, Robert Patterson, and Israel Ludlow. Afterward, Denman and Patterson sold out to Joel Williams and Samuel Freeman. John Cleves Symmes was the original grantee of the government for a large tract of land between the Great and Little Miami rivers, the patent having been issued to him, in trust for himself and his associates, in the month of September, 1794. The proprietors of the town of Cincinnati agreed that the title should remain with Symmes, who should make deeds for the lots to the purchasers, upon the certificate of any two of the proprietors. At the original laying out of the town, the proprietors each selected a lot for themselves, which was not put into market.. The complainants claimed that the lot in controversy was selected by their ancestor, who took possession, cleared off the timber, and inclosed it with a fence, and cultivated it.

John Kidd, under whom the defendants claim, in the month of July, 1799, rented the lot of Ludlow, and took a written lease for the term of. eight years, and entered into possession under that lease, as Ludlow's tenant. In August, 1799, J. C. Symmes con-

veyed the lot to his nephew, Celadon *Symmes, without any [245 certificate from the proprietors directing such conveyance. In 1804, Ludlow deceased. Celadon Symmes conveyed the lot to Joel Williams, who was then the owner of Freeman's interest in the town property. And before the expiration of Ludlow's lease, Williams conveyed it to Kidd, who, at the expiration of his lease, retained possession upon his deed. The bill was originally brought against Williams and Kidd, to obtain from them the legal title, and in 1817, was dismissed upon a final hearing.

After this dismissal, Kidd sold part of the property, in fee, and leased a part of it for ninety-nine years, renewable forever, reserving an annual rent. Afterward, Kidd made his will, and directed that his executors expend the rent reserved for the education of poor children. For a time the executors received and so applied the rents, and at length transferred their interest and trust to the Cincinnati College. The Bank of the United States became the owners of the lease, and, in this condition of things, the bill of review was filed. Upon the service of the process on the bill of review the bank ceased to pay the rents. The court, having on the bill of review, reversed the decree of dismissal, the purchasers under Kidd put in the plea that they were innocent purchasers, without notice, and this plea was ruled in their favor. The rents reserved upon Kidd's lease, and the value of the lot, as against Kidd's estate, were all that was left for the complainants to obtain by a final decree in their favor.

This cause now came before the court, upon questions of fact and law, involving the superior equity, as between the heirs of Ludlow, claiming under him, and the representatives of Kidd claiming under Symmes. The court decided the facts to be in favor of the complainants, but considered it of no utility to report the evidence, so as to make the grounds of decision intelligible. The following decree was rendered in the cause:

"This day came the parties by their counsel, and the bill, answer, and exhibits being read, and understood, and the arguments of counsel thereon heard, the court are of opinion that the complainants are in equity well entitled, as against the devisees of John Kidd, to the possession and legal title to the lot numbered four hundred and one, in the bill mentioned; and it having heretofore been adjudged and *decreed in this cause, that the [246 whole of said lot, except the annual rents of one thousand dollars

per annum, reserved by John Kidd, upon his lease to John Smith and David Loring, for ninety-nine years, renewable forever, dated August 18, 1818, of a part of said lot, had passed into the hands of innocent purchasers for a valuable consideration without notice, and, therefore, could not be affected by the equity of the complainants, the court can only extend relief to the complainants, as against the said John Kidd, and as against his devisees of the said rent reserved.

The court do, therefore, order, adjudge, and decree, that the Cincinnati College, by a proper deed of conveyance under their corporate seal, assign and transfer to the complainants all the right, title, and interest, they may have acquired in and to the lease from the said John Kidd, deceased, to David Loring and John Smith, and to the rents thereon reserved; and that the said Joshua L. Wilson and Oliver M. Spencer, executors and trustees of the said John Kidd, deceased, by a proper deed, in writing, release to the complainants all the right, title, and interest that may remain in them, to the lease aforesaid, and the rents thereon and thereby reserved, both said conveyances to be made and executed on or before February 1, 1830, and in failure thereof, then that this decree fully invest the said complainants with all the right, title and interest of the said Cincinnati College, and of the said Joshua L. Wilson and Oliver M. Spencer, as executors and trustees of the said John Kidd, deceased, in and to the said lease and rents thereon reserved; and, in respect to the annual rents of one thousand dollars per annum, reserved upon said lease, which have accrued since the emanation of the process in this case, upon the bill of review and supplemental bill, to wit: since April 1, 1825, the court are of opinion that the complainants are entitled to a decree for the same, and it appearing to the satisfaction of the court that the said rents remain in the hands of the defendants, the president, director, and company of the Bank of the United States, the court do award, order, and decree, that the president, directors and company of the Bank of the United States account for and pay over to the complainants the whole amount of one thousand dollars per annum of annual rents, which have accrued since April 1, 1825, until the pronouncing of this decree. And it *further appearing to the court, that, at the time of filing the original bill in this case, to wit: on March 15, 1821, the said lot was improved and yielding rents, the court are

Ludlow's Heirs v. Kidd's Ex'rs et al.

of opinion that the complainants, as against the estate of the said John Kidd, and his executors, representing that estate, are entitled to an account for, and payment of the rents and profits justly accruing on said lot, deducting therefrom all proper charges for taxes paid, and improvements made. It is therefore decreed, that Samuel F. Hunt be, and he is hereby appointed commissioner to take and state an account of all such rents and profits, from March 15, 1821, to the time of taking such account, crediting upon said account the annual sum of one thousand dollars, from April 1, 1825, already charged by this decree; said account to be taken upon equitable principles, and report thereof made to the next term of the Supreme Court in Hamilton county. The court are further of opinion, that the complainants, as against the estate of John Kidd, are entitled to the present value of the said lot of ground, number four hundred and one, in the bill mentioned, except for the portion thereof which produces the annual rent of one thousand dollars per annum. It is therefore ordered that the said commissioner estimate the present value of the said lot number four hundred and one, deducting therefrom such part as produces the annual rent aforesaid, and report the same to the Supreme Court of Hamilton county at their next term. As to the defendants, John Williams, Thomas Williams, Benjamin Williams, Joel Williams, and Eleanor Williams, the bill is dismissed. And the court do further award, order, and decree, that the complainants recover of the executors of John Kidd, deceased, to be levied upon his goods and chattels in their hands to be administered, their costs and charges in the prosecution of this suit expended; and it is ordered that the clerk of the Supreme Court for Franklin county send a certified copy of this decree to the clerk of the Supreme Court of Hamilton county, who is directed to enter the same on the journal of the court.

GARRARD, for complainant.

Fox, for defendant.